[No. 3115. Decided January 12, 1899.]

JOHN PETERSON, *Respondent*, v. JOHN G. JOHNSON *et ux.*, *Appellants*.

FINDINGS OF FACT—REFUSAL TO MAKE—FORECLOSURE OF MORTGAGE— APPLICATION OF ACCOUNT TO INTEREST.

The court's refusal to make findings of fact based upon matters not disputed in the pleadings cannot be urged as error.

Where there is no agreement between a mortgagor and mortgagee that the indebtedness of the latter to the former arising from a balance of a mutual account between them in other matters shall be applied upon the mortgage debt, the mortgagor cannot set up such indebtedness to him as a defense against foreclosure proceedings instituted by reason of his failure to pay an overdue installment of interest.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*W. A. Lewis,* for appellants.

*E. Fitzgerald,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—The complaint in this action is in ordinary form for the foreclosure of a mortgage. The mortgage

32—20 WASH.

was executed by appellants to respondent, plaintiff, on real estate to secure the payment of a note of even date, due five years after date, with interest. The note and mortgage contained the usual provisions that upon default in the payment of interest the whole sum, both principal and interest, would become immediately due and collectible at the option of the holder. The complaint alleges the non-payment of interest due and demand for payment, and the election to declare the whole sum due. The answer denied the delivery of the mortgage to respondent, and set up as defense and counterclaim a breach of warranty by respondent in failure to pay taxes upon the property which had been conveyed by respondent to appellants. Appellants also set up as affirmative defense and counterclaim that appellants, at the special instance and request of plaintiff, sold and delivered to plaintiff goods, produce, lumber, meats, etc., at the agreed price of $192.18, no part of which had been paid except the sum of $32.15, leaving a balance due appellants of $160.03 on such account, and appellants demand that the suit be dismissed and for judgment on their counterclaim. Evidence was heard by the court, and a judgment rendered foreclosing the mortgage and decreeing sale of the mortgaged property, and deducting the counterclaim allowed appellants from the amount of the judgment. No separate findings of fact were filed by the court. The recitations in the decree apparently cover the material facts in issue by the pleadings. At the time the judgment was signed the appellants presented to the court certain proposed findings of fact and conclusions of law, and requested the court to make such findings and conclusions, which was refused, and appellants excepted. Some of the findings of fact so tendered were without controversy in the pleadings, and some of them not supported by the evidence in the case, which has all been brought here.

There is but one question seriously argued by counsel for appellants. It is insisted that the amount of the counterclaim on the account set up by appellants should have been applied by the court in payment of interest overdue on the note which the mortgage was given to secure. But, after an examination of the authorities cited by counsel for appellants, we are convinced that the judgment in the superior court was correct. It is nowhere shown in the evidence that there was any agreement for the application of the value of the items in the account furnished to respondent to the interest due on the note. In a specific loan for five years, secured by mortgage, it would not follow as a matter of law that a balance of an outside mutual account between the mortgagee and mortgagor should be applied upon the note and mortgage, and the court cannot arbitrarily make such application, if the parties have evinced no intention of that sort. The record does not disclose that specific exception was taken to the failure of the court to make findings of fact, but the exception taken was to the refusal of the court to find the facts proposed by appellants. The material fact with reference to the application of a balance, when struck on the account between the parties, to the interest due on the note secured by the mortgage, is entirely resolved against the appellants by the evidence. The action of the court in refusing the finding of fact supporting appellants' contention in this regard was correct. The superior court is required by the statute to make findings of fact upon all the material issues in an equitable cause tried by it, and the statute requires such findings to be separately made. This rule was unquestionably adopted in aid of appeals in equitable causes to avoid the expense of bringing a transcript of the testimony in the cause, unless it should be required if the facts were dissented from by either party, and also to relieve the labors of the appellate court from an unnecessary ex-

amination of a record where the findings of fact made by the superior court are accepted by the parties, or to reduce the controversy of fact merely to such findings as are specifically excepted to.

Concluding that the judgment is correct, it will be affirmed.

GORDON, C. J., and ANDERS and DUNBAR, JJ., concur.