Points Decided.

(July 27, 1922.)

CALEB BRINTON, Respondent, v. AUGUSTE JOHNSON, J. A. JOHNSON (Her Husband), O. C. CARSSOW, A. E. CARSSOW, MARY E. CARSSOW (His Wife), PAUL W. JOHNSON and LAURA B. JOHNSON (His Wife), Appellants.

[208 Pac. 1028.]

COVENANTS IMPLIED FROM THE USE OF THE WORD "GRANT" IN A DEED OF CONVEYANCE—TAX LIENS AS ENCUMBRANCES—IMPLIED COVENANTS AGAINST ENCUMBRANCES RUN WITH THE LAND—PURCHASE-MONEY MORTGAGE—RIGHT OF MORTGAGEE TO HAVE AMOUNT OF ENCUMBRANCES CREDITED UPON THE MORTGAGE.

1. The implied covenant against encumbrances from the use of the word "grant" in a deed of conveyance includes the lien of a tax levy which attached while the grantor was the owner of the premises.

2. Under C. S., sec. 5384, the implied covenant against encumbrances from the use of the word "grant," in a deed of conveyance, runs with the land in favor of a remote grantee.

3. In an action at law, founded upon a covenant against encumbrances in a deed, to recover the amount of taxes paid by a grantee, or a remote grantee, the covenant is considered one of indemnity. Only nominal damages can be recovered until actual payment has been made, and thereafter only the amount of such payment can be recovered.

4. Where a grantor who has covenanted against encumbrances seeks to foreclose a purchase-money mortgage, he is required to credit upon the mortgage the amount of any outstanding encumbrances for which he is liable.

5. Where a purchase-money mortgage provides for semi-annual payment of interest, and that the mortgagee at his option may consider the entire amount due upon failure to pay any instalment of interest, the grantor and mortgagee, having covenanted that the premises are free from encumbrances, he must, where a tax lien on the premises exceeds the amount of the instalment of

Publisher's Note.

1. Outstanding tax as breach of covenant against encumbrances, see note in **Ann. Cas.** 1913E, 248.

interest due, credit the amount of the encumbrance upon the purchase price, and will not be permitted to take advantage of his own failure to remove the encumbrances so as to accelerate the maturity of the mortgage and add the additional burden of costs and attorney fees upon the mortgagor.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action to foreclose mortgage. Demurrer to answer sustained. *Reversed.*

Eugene A. Cox and Noel B. Martin, for Appellants.

The tax lien had all the effect of a personal judgment against the owner, Brinton, and was a lien, not only on the property conveyed, but on all his other property. (*Rice v. Rock,* 26 Ida. 552, 144 Pac. 786.)

Our statute provides plainly and concisely that the implied covenant against encumbrances runs "to the grantee, his heirs and assigns." (Sec. 5384, C. S.; *Polak v. Mattson,* 22 Ida. 727, 128 Pac. 89.) A substantially identical statute has been repeatedly construed by the courts of Texas and it has been uniformly held that under this statute the covenant against encumbrances runs with the land. (*Taylor v. Lane,* 18 Tex. Civ. 545, 45 S. W. 317; *Bullitt v. Coryell,* 38 Tex. Civ. 42, 85 S. W. 482; *Rotan v. Hays,* 33 Tex. Civ. 471, 77 S. W. 654.)

The trend of judicial decision is toward the rule that covenants against encumbrances run with the land wherever causes of action are assignable. (*Security Bank of Minnesota v. Holmes,* 65 Minn. 531, 60 Am. St. 495, 68 N. W. 113; Id., 68 Minn. 538, 71 N. W. 699; *Tucker v. McArthur,* 103 Ga. 409, 30 S. E. 283; *Geiszler v. De Graaf,* 166 N. Y. 339, 82 Am. St. 659, 59 N. E. 993; *Arnold v. Joines,* 50 Okl. 4, 150 Pac. 130; *General Underwriting Co. v. Stilwell,* 139 App. Div. 189, 123 N. Y. Supp. 653; *Tanzer v. Bankers' Land & Mortgage Corp.,* 159 App. Div. 351, 144 N. Y. Supp. 613; *Gadow v. Hunholz,* 160 Wis. 293, Ann Cas.

1917D, 91, 151 N. W. 810; *Knadler v. Sharp,* 36 Iowa, 232; *Harwood v. Lee,* 85 Iowa, 622, 624, 52 N. W. 521; *Richard v. Bent,* 59 Ill. 38, 14 Am. Rep. 1; *Sprague v. Baker,* 17 Mass. 586; *Beasley v. Phillips,* 20 Ind. App. 182, 50 N. E. 488; *Maitlen v. Maitlen,* 44 Ind. App. 559, 89 N. E. 966.)

In this state choses in action are assignable (sec. 5364, C. S.), and therefore every reason for the ancient common-law rule has been swept aside.

Damage from breach of covenant against encumbrances is a proper offset against encumbrances. (*Union Nat. Bank v. Pinner,* 25 N. J. Eq. 495; *Van Riper v. Williams,* 2 N. J. Eq. 407; *Dayton v. Dusenbury,* 25 N. J. Eq. 110; *White v. Stretch,* 22 N. J. Eq. 76.)

A mortgagee in default cannot accelerate maturity of mortgage debt. (*Ingram v. Golden Tunnel Min. Co.,* 25 Wash. 318, 65 Pac. 549; *Fairchild-Gilmore-Wilton Co. v. Southern Refining Co.,* 158 Cal. 264, 110 Pac. 951; *White v. Stretch, supra; Schuchmann v. Knoebel,* 27 Ill. 175; *Stiger v. Bacon,* 29 N. J. Eq. 442; *Stephens v. Weldon,* 151 Pa. St. 520, 25 Atl. 28; *Broderick v. Smith,* 26 Barb. (N. Y.) 539; *Walker v. Sedgwick,* 8 Cal. 398.)

Equity will not permit acceleration of maturity where a good faith controversy exists. (*Schurger v. Moorman,* 20 Ida. 97.)

A vendee is not required to pay off the encumbrance before he can interpose a breach of the covenant against encumbrances as a defense on a suit to foreclose a purchase price mortgage. (*Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540.)

Benjamin F. Tweedy, for Respondent.

Respondent was under no personal obligation to discharge the tax lien; the liability for the taxes is exclusively an *in rem* liability. (*Clizer v. Krauss,* 57 Wash. 26, 106 Pac. 145; *Allen v. Peterson,* 38 Wash. 599, 80 Pac. 849; *Sound Inv. Co. v. Bellingham Bay Land Co.,* 53 Wash. 470, 102 Pac. 234; *Territory v. Copper Queen etc. Min. Co.,* 13

Ariz. 198, 108 Pac. 960; *United States v. Chamberlain,* 156 Fed. 881, 13 Ann. Cas. 720, 84 C. C. A. 461; *Perry v. Washburn,* 20 Cal. 318; *Board of Commrs. v. First Nat. Bank,* 48 Kan. 561, 30 Pac. 22; *McPike v. Heaton,* 131 Cal. 109, 82 Am. St. 335, 63 Pac. 179; *City of Detroit v. Jepp,* 52 Mich. 458, 18 N. W. 217; *Judy v. National State Bank,* 133 Iowa, 252, 110 N. W. 605; *Louisville Water Co. v. Commonwealth,* 89 Ky. 244, 12 S. W. 300, 6 L. R. A. 69; *Packard v. Tisdale,* 50 Me. 376; *Boston v. Turner,* 201 Mass. 190, 87 N. E. 634; *State v. Piazza,* 66 Miss. 426, 6 So. 316; *City of Carondelet v. Picot,* 38 Mo. 125; *Hibberd v. Clark,* 56 N. H. 155, 22 Am. Rep. 442; *City of Camden v. Allen,* 26 N. J. L. 398; *Gatling v. Commissioners of Carteret County,* 92 N. C. 536, 53 Am. Rep. 432; *Miller v. Hale,* 26 Pa. St. 432; *Shaw v. Peckett,* 26 Vt. 482; *State v. Chicago etc. R. Co.,* 128 Wis. 449, 108 N. W. 594; *Hinchman v. Morris,* 29 W. Va. 673, 2 S. E. 863; *Lane County v. Oregon,* 74 U. S. 71, 19 L. ed. 101.)

Respondent being under no personal obligation to discharge the tax lien, the fact that he owned the land at the time the law of Idaho made the tax lien attach in favor of the taxing municipalities becomes immaterial and of absolutely no force and effect against him. (*Polak v. Mattson,* 22 Ida. 727, 128 Pac. 89.)

These previous encumbrances are not within the covenant against encumbrance "done, made, or suffered" by the grantor, for the reason that he has not created or caused them to exist. (*Crist v. Fife,* 41 Cal. App. 509, 183 Pac. 197.)

A covenant in a deed against encumbrances is one of indemnity, and a cause of action thereon does not accrue until payment of the encumbrance by the grantee, and only to the amount paid. (*Wright v. Boggess,* 24 Cal. App. 533, 141 Pac. 1082; 39 Cyc. 1932.)

A setoff and a counterclaim must be accrued at or before the commencement of the action, or otherwise it cannot be used as a setoff or counterclaim. (*McGuire v. Edsall,* 14 Mont. 359, 36 Pac. 453; *L. Scatena & Co. v. Van Loben*

*Sels,* 19 Cal. App. 423, 126 Pac. 187; *Reilly v. Lee,* 155 N. Y. 691, 50 N. E. 1121; Id., 85 Hun, 315, 32 N. Y. Supp. 976; *Sprout v. Crowley,* 30 Wis. 187; *Ellis v. Cothran,* 117 Ill. 458, 3 N. E. 411; *McClendon v. Heisinger,* 42 Cal. App. 780, 184 Pac. 52.)

. The mere existence of an encumbrance, which has not been paid, where deed has been delivered and accepted, conveying the land as in the instant case, is no defense to the grantor's action for the purchase money. (*Clark v. Snelling,* 1 Ind. 382; *Dahl v. Stakke,* 12 N. D. 325, 96 N. W. 353; *Buell v. Tate,* 7 Blackf. (Ind.) 55; *Brown v. Montgomery* (Tex.), 31 S. W. 1079; *Lattin v. Vail,* 17 Wend. (N. Y.) 188.)

Cross-demands do not *ipso facto* extinguish themselves, but they remain as causes of action. (*Langford v. Langford,* 136 Cal. 507, 69 Pac. 235.)

The word "assigns" cannot cause every covenant in a deed to run with the land; the personal covenants remain personal and the real covenants remain real. (*Carpenter v. San Francisco Sav. Union,* 128 Cal. 516, 61 Pac. 92.)

In the California statute as in ours the word "assigns" is found, and yet the California court held that a covenant against taxes does not run with the land, but is personal, and that a remote grantee cannot maintain an action on the covenant. (*McPike v. Heaton,* 131 Cal. 109, 62 Am. St. 335, 63 Pac. 179.) It is generally held that a covenant against encumbrances does not run with the land. (*Smith v. Richards,* 155 Mass. 79, 28 N. E. 1132; *Guerin v. Smith,* 62 Mich. 369, 28 N. W. 906; *Davenport v. Davenport,* 52 Mich. 587, 18 N. W. 371; *Graber v. Duncan,* 79 Ind. 565; *Allen v. Little,* 36 Me. 170; *Dale v. Shively,* 8 Kan. 276; *Buren v. Hubbell,* 54 Mo. App. 617; *Sears v. Broady,* 66 Neb. 207, 92 N. W. 214; *Moore v. Merrill,* 17 N. H. 75, 43 Am. Dec. 593; *Carter v. Denman's Exrs.,* 23 N. J. L. 260; *Pillsbury v. Mitchell,* 5 Wis. 17; *Marbury v. Thornton,* 82 Va. 702, 1 S. E. 909; *Fuller v. Jillett,* 2 Fed. 30, 9 Biss. 296; *Mitchell v. Warner,* 5 Conn. 497.)

If the covenant is broken as soon as the deed is executed and delivered, it is a personal covenant, and being a personal covenant does not run with the land. (*Beecher v. Tinnin,* 26 N. M. 59, 189 Pac. 44; *Knight v. Southern Pac. Co.,* 52 Utah, 42, 172 Pac. 689.)

RICE, C. J.—On August 28, 1919, respondent, by warranty deed, "granted" to appellants Auguste Johnson and J. A. Johnson, wife and husband, certain lots in the city of Lewiston. On the same day these appellants executed a mortgage to respondent, in the sum of $12,380, to secure a balance on the purchase price. The mortgage was due on or before one year from date with interest payable semi-annually, and provided that if interest was not paid when due the whole sum of both principal and interest would become immediately due and collectible at the option of the holder of the note. On August 29, 1919, Auguste Johnson and J. A. Johnson conveyed the property by warranty deed to appellants O. C. Carssow, A. E. Carssow and Paul W. Johnson. The respondent was the owner of the land on the second Monday of January, 1919, and thereafter until his conveyance was given. Taxes were levied and assessed against the property for the year 1919 in the sum of $513.62 the lien for which under the statute attached as of the second Monday of January. Appellants demanded of respondent that he pay the same before delinquency, but he refused to do so, and the taxes were paid by appellants O. C. Carssow, A. E. Carssow and Paul W. Johnson, to remove the tax lien from the premises and to avoid penalties thereon. The first semi-annual instalment of interest became due February 27, 1920, in the sum of $495.25. This sum not being paid by appellants, respondent elected, under the provisions of his note and mortgage, to declare the entire sum due, and on February 28, 1920, commenced an action of foreclosure. Appellants answered, setting up the facts outlined above, and claimed that by reason of the failure of respondent to remove the tax lien, appellants had the right to remove the lien themselves and deduct the

amount from the purchase price mortgage, and that since the amount of the tax lien exceeded the first semi-annual instalment of interest, there was no default on their part and the action to foreclose was brought prematurely. A demurrer to the answer was sustained and judgment entered for the foreclosure of the mortgage, from which this appeal was perfected.

C. S., secs. 5384 and 5385, are as follows:

"Sec. 5384: From the use of the word 'grant' in any conveyance by which an estate of inheritance, possessory right, or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs, to the grantee, his heirs and assigns, are implied, unless restrained by express terms contained in such conveyance:

"1. That previous to the time of the execution of such conveyance, the grantor has not conveyed the same estate, or any right, title or interest therein, to any person other than the grantee.

. "2. That such estate is at the time of the execution of such conveyance free from encumbrances done, made or suffered by the grantor, or any person claiming under him. Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance.

"Sec. 5385: The term 'encumbrances' includes, taxes, assessments, and all liens upon real property."

Respondent contends that the implied covenant from the use of the word "grant" in the deed of conveyance did not include a tax lien; that the tax lien was created wholly by legislative act and created no personal liability upon respondent to discharge the same, the remedy for collection of taxes being wholly *in rem;* that, therefore, the lien of the taxes was not "done, made or suffered" by him.

The position is conclusively answered by the statute itself, for section 5385, *supra,* expressly declares that the term "encumbrances" includes taxes. It necessarily follows that if the tax lien attached while respondent was the owner of the property, it was an encumbrance suffered by

him within the meaning of the statute. The case of *Polak v. Mattson,* 22 Ida. 727, 128 Pac. 89, goes no further than to hold that a tax lien which attached to property prior to the time a grantor became the owner thereof was not suffered by such grantor and was not included within the implied warranty against encumbrances from the use of the word "grant" in his deed.

It is next contended that the implied covenant of warranty from the use of the word "grant" in a deed of conveyance is a personal covenant and does not run with the land. This is the rule in the state of California under statutes identical with the sections above quoted. (*Lawrence v. Montgomery,* 37 Cal. 183; *McPike v. Heaton,* 131 Cal. 109, 82 Am. St. 335, 63 Pac. 179; *Woodward v. Brown,* 119 Cal. 283, 63 Am. St. 108, 51 Pac. 2.) In the Woodward case, however, reference is made to section 1460 of the California Civil Code, which section provides that certain covenants run with the land. By California Civil Code, section 1461, it is provided that the only covenants which run with the land are those specified in title 3 of the Civil Code and those which are incidental thereto. Idaho has no statute defining the covenants which run with the land.

At the common law a covenant against encumbrances was personal and did not run with the land, the reason appearing to be that such covenant was breached, if at all, as soon as made and became a chose in action which was not assignable. But under our code a chose in action is assignable.

"The principle which was at the foundation of the common-law rule that choses in action were not assignable having become obsolete, there is no reason that I can perceive why the rule should survive the reason upon which it was founded." (*Geiszler v. De Graaf,* 166 N. Y. 339, 82 Am. St. 659, 59 N. E. 993.)

See, also, *Security Bank of Minnesota v. Holmes,* 65 Minn. 531, 60 Am. St. 495, 68 N. W. 113; *Security Bank of Minnesota v. Holmes,* 68 Minn. 538, 71 N. W. 699; *Tucker v. McArthur,* 103 Ga. 409, 30 S. E. 283; *Arnold v. Joines,*

50 Okl. 4, 150 Pac. 130; *Richard v. Bent,* 59 Ill. 38, 14 Am. Rep. 1; *Maitlen v. Maitlen,* 44 Ind. App. 559, 89 N. E. 966.

Moreover, the language of the statute itself indicates plainly that it was the intent that the implied warranty against encumbrances should run with the land. The statute provides that the covenant is implied "on the part of the grantor, for himself and his heirs, to the grantee, his heirs and assigns." Without doubt the word "assigns" in the statute is intended to include remote grantees of the premises. A statute in all material respects similar to our own has been so construed in the state of Texas. (*Taylor v. Lane,* 18 Tex. Civ. 545, 45 S. W. 317.)

We hold that under the statute a covenant against encumbrances implied from the use of the word "grant" in a deed of conveyance is one that runs with the land in favor of a remote grantee.

Respondent further contends that a covenant in a deed against encumbrances is one of indemnity and a cause of action thereon cannot accrue until payment of the encumbrance by the grantee and only to the amount paid; that the amount paid, therefore, becomes only a setoff or counterclaim, and is only available to the person or persons who made the payment; that cross-demands do not *ipso facto* extinguish themselves, but remain as causes of action; that the payment of taxes by the Carssows and Paul W. Johnson was not a payment of interest due upon the note and mortgage, and would not prevent respondent from taking advantage of the accelerating clause therein.

This is not a case where a suit is brought upon the covenant to recover the amount of taxes paid by a grantee. In such case the covenant is regarded as one of indemnity and only nominal damages can be recovered until actual payment has been made by the grantee. This is a case where the grantor is seeking to foreclose a purchase-money mortgage in a court of equity.

In the case of *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540, the syllabus prepared by the court contains the following:

"Covenants in Deed: The word 'grant,' when used in a conveyance by which an estate of inheritance is to be passed, is a covenant that the estate so conveyed is at the time of the execution thereof, free from encumbrances done, made or suffered by the grantor or any person claiming under him. . . . . In cases of this kind the vendee' may pay off the encumbrance and recoup the sum so paid against the amount due on the purchase price, but that is not his only remedy, as a defense on the ground of breach of covenant of encumbrance is sufficient to defeat an action for the recovery of the purchase price until such encumbrance be removed."

In the body of the opinion it is said: "He [the purchaser] has the right to a clear title before he can be compelled to pay the purchase price." In *Union Nat. Bank v. Pinner*, 25 N. J. Eq. 495, it is said: "In suit to foreclose a purchase-money mortgage, the mortgagor and grantee in the conveyance can claim deductions for the encumbrances covenanted against in the deed from the mortgagee. It is altogether an equitable and reasonable rule." In the case of *White v. Stretch*, 22 N. J. Eq. 76, the condition in a mortgage for the purchase price of the premises was for the payment of the principal sum in three years from date. The interest was payable half yearly, with the proviso that if it should not be paid within thirty days after it was payable, the whole principal should be due at the option of the mortgagee. The mortgagee conveyed the premises with a covenant that they were free from "all assessments and encumbrances of what nature or kind soever." The premises were liable for a certain assessment for construction of a sewer. White, the grantor and mortgagee, would not pay it and Stretch, the mortgagor, tendered to White the amount of interest due on the principal sum of the mortgage, less the assessment and costs for which the lots were liable. The tender was refused and a bill was filed to foreclose, setting out that the complainant, because the interest had not been paid, had elected to consider the mortgage as due. The court said: "The real question in

the cause is whether White is bound, either by the covenants in the deed or his agreement of even date with it, to pay off the encumbrance of this assessment; if he is, it is well settled that it must be deducted from the amount due on the mortgage, and he can have a decree only for the balance. [Citing cases.] It follows, of course, that a tender of interest on the balance was sufficient to avoid a forfeiture of the credit.''

See, also, *Dayton v. Dusenbury*, 25 N. J. Eq. 110; *Van Riper v. Williams*, 2 N. J. Eq. 407.

The implied covenant to the effect that the premises were free from the tax lien was a part of the consideration for the mortgage. The grantees and mortgagors, and their assigns, were compelled to pay the lien in order to protect the property conveyed and mortgaged. It would be inequitable to permit the grantor, by his own act, to cause a partial failure of the consideration for the mortgage, without requiring him to credit the amount of such failure upon the indebtedness for the purchase price of the property. The grantor cannot in equity be permitted to increase the burden upon the purchase money mortgagor, and take advantage of his own default to accelerate the maturity of the mortgage and add the additional burden of costs and attorney fees upon the mortgagor. This presents a case where one who seeks equity must be required to do equity. Since the amount of the tax lien exceeded the first semi-annual instalment of interest in amount, nothing was due upon the mortgage at the time this action was instituted and it was commenced prematurely.

Respondent contends that the deed and mortgage, having been executed at the same time, must be construed together, and that by reason of a provision in the mortgage it is manifest that it was not the intention that respondent should be charged with the payment of the 1919 taxes. The record, however, does not contain a copy of the mortgage, and it was not introduced in evidence. We will not assume the task of construing an instrument which is not before us.

It is contended further that the Carssows and Paul
W. Johnson on the twenty-seventh day of February, 1920,
commenced a separate action against respondent for the
recovery of the taxes on this property paid by them; that
they therefore elected their remedy and are bound thereby.
This question, however, is not here. It was neither pleaded,
admitted. nor proved in this case that another action was
pending involving the same issues. The demurrer to the
answer should have been overruled.

The judgment is reversed, with costs to appellants.

Budge, McCarthy, Dunn and Lee, JJ., concur.

Petition for rehearing denied.