(October 21, 1922.)

BANNOCK NATIONAL BANK, a Corporation, Appellant, v. TRUMAN ROWE and MARY J. ROWE, His Wife, Respondents.

[210 Pac. 140.]

PLEADING AND PRACTICE—COUNTERCLAIMS.

> Cross-demands do not *ipso facto* extinguish themselves but constitute causes of action which must be pleaded and adjudicated.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action to foreclose mortgage.   Judgment for defendants. Reversed.

White & Bentley and H. B. Thompson for Appellant, cite no authorities on point decided.

Peterson & Coffin, for Respondents, file no brief.

RICE, C. J.—Appellant, plaintiff below, brought this action to foreclose a mortgage given to secure a note for $2,300. Appellant alleged that it was a holder of the note in due course and without notice of any defenses thereto. The answer denied that appellant was a holder of the note in due course, and alleged payment in full. The court entered judgment of foreclosure for the sum of $131.01 and $75 attorney fees, from which the appeal is taken. The record consists only of the judgment-roll.

The fifth and sixth findings of fact are as follows:

"V.

"That the said note and mortgage above mentioned were renewals of that certain note and mortgage of like tenor and effect by the same parties given on or about May 6th, 1910, as a part of the evidence of the transaction whereby Truman W. Rowe purchased of R. R. Wilson and R. R. Wilson sold and gave his warranty deed to Truman W. Rowe for the following described property situated in Bannock County, Idaho, to wit: [Description follows.]

"That the plaintiff herein sometime prior to the 6th day of May, 1913, had received from the said R. R. Wilson an assignment of said note and mortgage given on or about May 6th, 1910 and had notice of the contract between the said R. R. Wilson and the said Truman W. Rowe by the terms of which the said note and mortgage were given as consideration for and as the purchase price of the property above described; that said property was held by said R. R. Wilson under certificates of sale from the State of Idaho, numbered respectively 3847, 3848, 3849 and 3850, and that said plaintiff had notice of said transaction and took said

assignment of said note and mortgage with notice of said contract between the said R. R. Wilson and the said Truman W. Rowe. That the note and mortgage in this finding set forth were renewals of the note and mortgage originally given as aforesaid and originally assigned to the Bannock National Bank, the plaintiff herein. That the plaintiff herein did not notify the defendants, or either of them of the assignment of the note and mortgage given on May 6th, 1910, as aforesaid or of the note and mortgage given on May 6th, 1913, set forth herein, until the first day of May, 1918.

"VI.

"That on or about January 1st, 1915, the plaintiff and the said R. R. Wilson permitted and allowed by the non-payment of the amounts due the state, the said sales certificates numbered 3847, 3848, 3849 and 3850 to be cancelled, and thereafter the said sales certificates were reinstated in the name of the defendants herein and payments were made thereon by the defendants to the amount of One Thousand Four Hundred Sixty-nine Dollars and 21/100 ($1469.21) and that at the date of the hearing herein the said defendants owed a balance to the state on account of said sales certificates in the amount of $1003.50, which under said contract between the defendants and said R. R. Wilson assigned to the plaintiff herein, as aforesaid, the plaintiff was liable to pay to the said state; that the plaintiff under said contract is entitled to credits in the amount of Twenty-three Hundred Dollars ($2300) principal and Three Hundred Three and 72/100 Dollars ($303.72) interest and that the defendants are entitled to credits in the amount of Ninety-two Dollars, ($92) on September 27th, 1915, Three Hundred Sixty Eight Dollars ($368) on January 6th, 1917, Eight Hundred Thirty Seven and 50/100 Dollars ($837.50) on April 20th, 1918, One Hundred Seventy One and Seventy One/100 Dollars ($171.71) on September 5th, 1919, and One Thousand and Three and 50/100 Dollars ($1003.50) balance due the State of Idaho at the date hereof, and that

there is a balance due the plaintiff herein of One Hundred Thirty One and 01/100 Dollars ($131.01).''

Neither the contract with the state of Idaho, the contract between Wilson and the respondents, nor the warranty deed are in the record.

From the foregoing findings of fact, the court concluded as a matter of law, ''that a settlement of the entire controversy between the parties requires that a balance be struck between the parties; that the plaintiff herein be relieved of its obligation to pay the state of Idaho the amount due on said sales certificates and that the defendants be required to pay the balance due the state of Idaho.''

From this conclusion of law, it appears that the credits to which the court found respondents were entitled were not payments upon the note, with the exception of the first two items which appear as credits thereon.

We construe the foregoing findings as deciding in effect that the appellant was not a holder in due course. It is therefore unnecessary to decide whether or not the note was negotiable.

Unless the payments were of such a character that appellant would be obliged as a matter of law to credit them upon the note, they must necessarily be counterclaims or cross-demands which do not *ipso facto* extinguish the debt but must be pleaded. (*Langford v. Langford,* 136 Cal. 507, 69 Pac. 235.)

It does not appear that these items which the court credited upon the note in controversy grew out of a breach of a covenant against encumbrances, and therefore the case does not fall within the principle announced in *Brinton v. Johnson,* 35 Ida. 656, 208 Pac. 1028.

The case of *Kreinbring v. Mathews,* 81 Or. 243, 159 Pac. 75, is instructive and points out the distinction between a breach of a covenant against encumbrances and a breach of a covenant against an outstanding title as a defense to a suit brought for the foreclosure of a purchase money mortgage.

---

Points Decided.

---

The last item of $1,003.50, which the court required appellant to credit upon the mortgage is clearly a cross-demand or counterclaim. We are not advised by the findings as to the nature of the other amounts which the court credited upon the note. The validity of a counterclaim can only be determined by the court in response to a proper pleading.

The judgment is therefore reversed, with costs to appellant.

Budge, McCarthy, Dunn and Lee, JJ., concur.