(February 19, 1927.)

W. C. BAKER, Respondent, v. A. P. WILKES and TECKLA J. WILKES, Husband and Wife, Appellants.

[252 Pac. 427.]

CONTRACTS—ACCELERATION OF DUE DATE—FAILURE TO PAY INTEREST—MORTGAGES—DEBT DUE MORTGAGOR FROM MORTGAGEE DOES NOT SATISFY MORTGAGE—FORECLOSURE.

1. One may contract that, on failure to pay instalment when due, principal obligation will, at option of holder, become immediately due and payable.

2. In absence of agreement between parties, mere existence of debt due from mortgagee to mortgagor does not operate as satisfaction of mortgage wholly or in part, or enable him afterward to set off indebtedness against assignee of mortgage.

3. Where there was no agreement or request for mortgagee to apply any part of debt owing to mortgagors on instalment of interest at time it became due, mortgagee was not required to apply his debt to mortgagor to payment of interest, and was entitled to foreclosure of mortgage for mortgagor's failure to make such payment, notwithstanding he owed mortgagor more than amount of interest due.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Action to foreclose a mortgage. Judgment for respondent. *Affirmed.*

J. Ward Arney, for Appellants.

The $2,800 judgment held by appellants against respondent was a valid counterclaim or cross-demand against the $198.33 interest charge basing the foreclosure in this case.

Publisher's Note.

See Mortgages, 41 C. J., sec. 907, p. 791, n. 31; sec. 1027, p. 848, n. 26; sec. 1028, p. 848, n. 27.

(C. S., sec. 6695, 6697; *Miller v. Hunt*, 6 Ida. 523, 57 Pac. 315; *Brinton v. Johnson*, 41 Ida. 583, 240 Pac. 859; *Wollan v. McKay*, 24 Ida. 691, 135 Pac. 832.)

An equitable set-off of said judgment independent of statutory counterclaim or set-off, and even if the judgment were suspended at law, should have been allowed. (*Knaffle v. Knoxville etc. Co.*, 128 Tenn. 181, 159 S. W. 838, 50 L. R. A., N. S., 167; *Piotrowski v. Czerwinski*, 138 Wis. 396, 120 N. W. 268.)

Lynn W. Culp, for Respondent.

Where there is a conflict in the evidence, and there is substantial evidence to support a finding, it will not be disturbed on appeal. (*Rogers v. Crockett*, 41 Ida. 336, 238 Pac. 894.)

Cross-demands do not *ipso facto* extinguish themselves. (*Bannock National Bank v. Rowe*, 36 Ida. 197, 210 Pac. 140; *Peterson v. Johnson*, 20 Wash. 497, 55 Pac. 932; 21 R. C. L. 45.)

WM. E. LEE, C. J.—On the authority of *Cupples v. Stanfield*, 35 Ida. 466, 207 Pac. 326, the motion to dismiss the appeal is denied.

Appellants made and delivered to respondent their two interest-bearing promissory notes in the principal sum of $10,000, payment of which was secured by a mortgage on real property. The notes contained a provision that if the interest was not paid as provided, "the whole sum of both principal and interest to become immediately due and collectible at the option of the holder of this note." Claiming that interest in the sum of $197.33 became due on October 1, 1925, and had not been paid, respondent elected to declare the entire debt due and commenced this action to foreclose the mortgage.

To prevent a foreclosure, appellants, among other things, alleged that a debt in the sum of $2,800 from respondent had been, for more than a year prior thereto, due and ow-

ing them; that prior to the commencement of the foreclosure suit an action was begun in the superior court of Spokane county, Washington, against respondent, to recover such sum, and was then pending. The answer was thereafter amended to allege the recovery of a judgment in the action against respondent. Appellants made no tender of the payment of the interest; they allege the debt due from respondent neither as a counterclaim nor cross-complaint; nor did they, in any manner, ask that the $2,800 be set off against the principal and interest due respondent. On the contrary, they sought to excuse their failure to pay the instalment of interest and thereby defeat foreclosure on the sole ground that, when the interest became due, respondent was indebted to them in a larger sum than the interest instalment. The court made and entered judgment for respondent, and decreed the foreclosure of the mortgage.

[1] It is well settled that one may contract that, on his failure to pay an instalment of interest when due, the principal of the obligation will, at the option of the holder, become immediately due and payable. The principal question presented to the trial court was whether the existence of a debt due from the mortgagee to the mortgagor, which may be set off the mortgage *ipso facto* pays the interest and thereby prevents such default as would entitle the mortgagee to foreclose his mortgage.

[2] The rule is that:

"In the absence of any agreement between the parties, express or implied, the mere existence of a debt due to the mortgagor from the mortgagee does not operate as a satisfaction of the mortgage wholly or in part, or enable him afterwards to set off such indebtedness against an assignee of the mortgage." (2 Jones on Mortgages, sec. 904; 1 Jones on Mortgages, sec. 76; 1 Wiltsie on Mortgage Foreclosure, sec. 57; 18 Cal. Jur. 170; *Peterson v. Johnson,* 20 Wash. 497, 55 Pac. 932.)

[3] There was, in this case, no agreement, understanding or request for the mortgagee to apply any part of the debt due the mortgagor on the instalment of interest. It follows,

therefore, that even though the mortgagee owed the mortgagor more, when the interest instalment became due, than the amount of such interest, the mortgagee was not required to apply his debt to the mortgagor to the payment of the interest. Indeed, the mortgagee was required to first look to his mortgage security for the satisfaction of his mortgage debt; that was the primary fund set aside for the payment of the mortgage debt. (*McKeon v. German American Savings Bank,* 118 Cal. 334, 50 Pac. 656.) To enforce the payment of such a debt, it is well settled that there is but one action, to foreclose the mortgage. The mortgagee's right to foreclose his mortgage cannot be denied because of his failure to do that which he could not have done, under the law, without the consent of the mortgagors. It is our conclusion, therefore, that the action of the court in allowing the foreclosure was proper.

*Brinton v. Johnson,* 35 Ida. 656, 208 Pac. 1028, is relied on by appellants. There is nothing in that decision in conflict with the conclusion we have reached. That case holds that a grantor, who has covenanted against encumbrances, on the foreclosure of a purchase-money mortgage, will be required to credit on his mortgage the amount of any outstanding encumbrance for which he is liable, and will not be permitted to take advantage of his failure to remove an encumbrance so as to accelerate the maturity of the mortgage debt. The writer of the opinion in *Brinton v. Johnson, supra,* wrote the opinion in *Bannock Nat. Bank v. Rowe,* 36 Ida. 197, 210 Pac. 140, and referred to the former opinion as follows:

"Unless the payments were of such a character that appellant would be obliged as a matter of law to credit them upon the note, they must necessarily be counterclaims or crossdemands which do not *ipso facto* extinguish the debt but must be pleaded. `(*Langford v. Langford,* 136 Cal. 507, 69 Pac. 235.)

"It does not appear that these items which the court credited upon the note in controversy grew out of the breach of a covenant against encumbrances, and therefore the case does

not fall within the principle announced in *Brinton v. Johnson,* 35 Ida. 656, 208 Pac. 1026."

Appellants claim that error was committed by the trial court in failing to find that material alterations had been made in the notes after delivery and without the consent of the makers. It is sufficient to say that the court did find that the alterations were made before the delivery of the notes by appellants to respondent to conform to the actual agreement between the parties. There was a decided conflict in the evidence as to when the alterations were made, but there is substantial evidence to sustain the finding of the court. There was no error in failing to make a contrary finding. (See *State v. Baird,* 13 Ida. 126, 89 Pac. 298.)

The judgment is affirmed. Costs to respondent.

Budge, Givens, Taylor and T. Bailey Lee, JJ., concur.