[Civil No. 4599.   Filed June 12, 1944.]

[149 Pac. (2d)  673.]

CARRIE L. SPARKS, Appellant, v. ROWLEY
MINES, INC., Appellee.

Mr. Milton L. Ollerton, for Appellant.

Messrs. Dykes & Selden, for Appellee.

ROSS, J.—This is an action to foreclose a lien on a group of patented mining claims located in Maricopa County. In an action in the superior court of Maricopa County, No. 45257, entitled "Rowley v. Carrie L. Sparks, Trustee, et al.," the judgment among other things adjudged and decreed that Carrie L. Sparks have a lien on said mining claims for the sum of $9,000, with interest at 4% per annum from December 23, 1938. One of the provisions of said judgment, plaintiff alleges, was that a failure by the owner, Rowley Mines, Inc., to pay the taxes assessed against the property before such taxes became delinquent should cause said lien to become due and foreclosable as a mortgage. The present action was brought to foreclose said lien on the ground that the second half

of the taxes for the year 1941 was not paid when due, but had become delinquent.

The defendant, Rowley Mines, Inc., within the time allowed by law to answer duly filed its motion and supporting affidavit under Section 21–1211, Arizona Code Annotated 1939, for a summary judgment in its favor. The accompanying affidavit contained the following:

"7. That all of the taxes on said premises have been paid to date. That the amount of the delinquency, in taxes, at the time of filing of this suit was $27.88. That the defendant corporation had no knowledge of the intent on the part of the plaintiff to bring this action and was taken in this regard entirely by surprise. That the only taxes delinquent at the time of the filing of this action were the second half of the year 1941 and that said taxes were paid the day following the service of summons in this cause. That summons was not served in this action until late in the afternoon of August 11, 1942, which accounts for the fact that the taxes were not paid on the same day."

The court thereafter granted defendant's motion for summary judgment, stating as a reason therefor "it appears to the court that to permit plaintiff to foreclose would be unconscionable and work a forfeiture," conditioned that defendant pay all costs and $100 as an attorney's fee for plaintiff. The plaintiff has appealed from the judgment.

The accompanying affidavit admits the default of the Rowley Mines, Inc., in paying the last half of the taxes on the property for the year 1941, as it had agreed to do, and this admission means, under the terms of the judgment in case No. 45257, that the due date of Sparks' lien was accelerated to maturity, entitling her to foreclose it. It is very similar to a mortgage containing a provision that if the mortgagor shall fail to pay taxes on property when due

and before delinquency, the mortgagee may foreclose the same. The action by Sparks to foreclose the lien and satisfy her debt is not premature because it was stipulated in the judgment giving Sparks a lien that the due date would be accelerated if taxes became delinquent and unpaid.

"The proposition is accepted without dispute that a stipulation in a mortgage providing that the whole debt secured thereby shall become due and payable upon failure of the mortgagor to pay the interest or any instalment of the principal upon maturity thereof, or to comply with any other condition of the mortgage, is a legal, valid and enforceable stipulation, and *is not in the nature of a penalty or forfeiture* which a court of equity will refuse to enforce. Although a contrary rule has apparently been applied in some instances, it would seem that generally, accelerative provisions in mortgages are not even viewed with disfavor by the courts, but are construed and the intention of the parties ascertained by the same rules as other contracts. . . . '' (Italics ours.) 36 Am. Jur. 880, sec. 385. See also *Baker* v. *Wilkes,* 43 Idaho 639, 252 Pac. 427, 51 A. L. R. 1253; *Title & Trust Co.* v. *Security Bldg. Corp.,* 129 Or. 262, 277 Pac. 85; *Union Cent. Life Ins. Co.* v. *Adams,* 169 Okl. 572, 38 Pac. (2d) 26.

All Sparks is asking to be allowed to do is to proceed to judgment on her lien. If this is permitted, defendant will still have its property and plenty of time to save it, either by liquidating the debt or any judgment against it, or to redeem if the property should go to sale on execution.

We think the equitable lien created by the court's judgment in case No. 45257 under its terms and conditions is such as to require, in its foreclosure, the applicable principles in a mortgage foreclosure.

The judgment is reversed and the cause remanded with directions that further proceedings be had in accordance herewith.

McALISTER, C. J., and STANFORD, J., concur.