414 P.2d 985

**SCHOOL DIST. #1 OF NAVAJO COUNTY, Arizona (Winslow), School District #2 of Navajo County, Arizona (Joseph City), Winslow High School District of Navajo County, Arizona, and Hubert R. McHood, a member of Board of Supervisors of Navajo County, Arizona, Appellants,**

v.

**SNOWFLAKE UNION HIGH SCHOOL DISTRICT OF NAVAJO COUNTY, Arizona, and School Dist. #5 of Navajo County, Arizona (Snowflake), Appellees.**

No. 8123.

Supreme Court of Arizona.

In Division.

May 26, 1966.

Denzil G. Tyler, Winslow, Mangum, Christensen & Wall, Flagstaff, for appellants.

D. L. Greer, St. Johns, Stevenson, Babbitt, Warden & Smith, Flagstaff, for appellees.

STRUCKMEYER, Chief Justice.

This case is before us on appeal from the issuance of a peremptory writ of mandamus by the Superior Court of Navajo County, Judge William A. Holohan, presiding.

The same operative facts set out in length in Cause No. 8511, decided by us this date, Stuart v. Winslow Elementary School Dist. No. 1, Navajo County, Ariz., 414 P.2d 976, are involved herein and will not be repeated. In that case we determined, *inter alia,* that the peremptory writ of mandamus as ordered by Judge Holohan August 22, 1963, was not res judicata of the issues in the certiorari action pending before Judge McGhee for the reasons stated therein.

The instant appeal is brought by respondents, the Winslow and Joseph City Common School Districts and one member of the Board of Supervisors of Navajo County. The same issue was involved below in the instant case as in Cause No. 8511; namely, the validity of the orders of the Board of Supervisors of Navajo County issued January 12, 1962, and March 25, 1963. In Cause No. 8511, we determined that the March 25, 1963, order was a valid exercise

of the Board's authority and there is no need to discuss it further.

■ We are primarily concerned here with the exercise of jurisdiction by Judge Holohan. Following the issuance of the alternative writ, respondents filed a motion to dismiss for lack of jurisdiction based on the prior judgment in the certiorari action, and in their answer to the complaint for mandamus respondents again set forth the judgment entered by Judge McGhee as res judicata of the issues. At the trial, they introduced into evidence the record in that case in support of their motion to dismiss. Although this judgment was later construed by Judge McGhee as an order for judgment because of the failure to comply with Rule 58(d), Rules of Civil Procedure, 16 A.R.S., it was a judgment valid on its face and therefore not subject to collateral attack. It constituted a bar to the mandamus action and was binding until reversed on appeal.

■ The doctrine of res judicata was available for the reason that the common good of society as a whole and of litigants in particular requires there be an end to strife for purposes of producing a certainty as to individual rights and to promote dignity and respect for judicial proceedings. Lee v. Johnson, 70 Ariz. 122, 216 P.2d 722.

[3] In Dockery v. Central Arizona Light & Power Co., 45 Ariz. 434, 45 P.2d 656, we held that an *order* made by a probate court in the exercise of its jurisdiction has the same dignity and is entitled to the same presumption of a jurisdiction as a judgment. In that case, an order of the probate court approving a settlement was held to be res judicata in a later action filed in superior court, this Court finding that the subsequent action amounted to a collateral attack upon the prior order. An action which is not brought for the sole purpose of impeaching or overturning the former judgment, but has also for its object an independent relief or result is a collateral attack on the former judgment. Id., 45 Ariz., at 444, 45 P.2d, at 660; Henderson v. Towle, 23 Ariz. 377, 203 P. 1085.

■■ An attack made in the same proceeding in which the judgment was rendered, by means of a motion to vacate judgment, was held to be a direct attack on such judgment as its direct and only purpose was to set aside the judgment itself and not to secure, directly at least, any other relief. Bell v. Bell, 44 Ariz. 520, 39 P.2d 629.

We stated in Dockery, supra:

"The law of Arizona is, and for long has been, that a judgment may not be attacked collaterally even for fraud unless it is void upon its face.

* * * * * *

" '* * * Three things must concur or a judgment is void upon its face, and may

be attacked at any time. The court must have (a) jurisdiction of the subject-matter of the case, (b) jurisdiction of the persons involved in the litigation, and (c) jurisdiction to render the particular judgment given. If these three matters concur, even though the judgment be erroneous or wrong, so that it could be reversed on appeal or set aside on direct attack, it is not void as against collateral attack.'" 45 Ariz. at 449, 450, 45 P.2d at 662.

Appellees in the instant action sought, by their complaint for mandamus, an order forcing the Board of Supervisors to make, assess, adjust and levy taxes on the affected territory in conformity with the order of March 25, 1963. It completely ignored the proceedings in certiorari, Cause No. 8511, and the judgment of Judge McGhee. It constituted a collateral attack on the prior judgment because no jurisdictional infirmities appeared on the face of the prior judgment.

The judgment on file in the certiorari action, not being void on its face, was therefore res judicata of the issues involved therein, even though erroneous. It operated as a bar to the subsequent mandamus action.

Reversed with directions to dismiss.

UDALL, and McFARLAND, JJ., concur.