550 P.2d 230

Claire U. WALKER and Pearl Walker, his wife, Appellants,

v.

Richard K. DAVIES and Shirley Davies, husband and wife, Larry A. Webb and Bette J. Webb, his wife, John Mummert, Sheriff of Maricopa County, Arizona, Appellees.

No. 11737.

Supreme Court of Arizona, In Division.

May 24, 1976.

Herbert Mallamo, Phoenix, for appellants.

Merrill W. Robbins, Michael E. Hurley, Phoenix, for appellees Webb.

GORDON, Justice:

This is an appeal by plaintiffs-appellants Walker from the judgment of the Maricopa County Superior Court in favor of defendants-appellees Davies and Webb. The question presented on appeal is whether the Superior Court has jurisdiction to entertain an action to foreclose a judgment lien. Jurisdiction is taken by this Court pursuant to Rule 47(e)(5), Rules of the Supreme Court.

We must review the facts from three separate actions in order to determine the issues in this case. In the first action, Cause No. 231368, appellees Davies obtained a money judgment from appellants Walker and filed an abstract of the judgment so as to perfect a lien upon all the real property of appellants in Maricopa County. A general writ of execution was issued and returned unsatisfied. Next appellant Walker was brought in on a supplemental proceeding to ascertain what assets the debtor had which could be used to satisfy the judgment. Appellees also tried to levy upon a color T.V., but the sheriff returned the writ unsatisfied. Appellants then filed a petition in bankruptcy, with appellees Davies scheduled as judgment creditors. The trustee in bankruptcy abandoned a parcel of real property as being too encumbered. Appellees Davies, holding a valid judgment lien, filed an action seeking to foreclose their lien. This constituted the second action, Cause No. 253447.

Appellants Walker were personally served, but did not file an answer or make

an appearance even though they were represented by an attorney. After a default judgment was entered a special execution upon the real property was issued and levied upon. Appellees Davies purchased the property at the sheriff's sale, and then transferred and assigned the sheriff's certificate of sale to appellees Webb. The sheriff delivered a deed to the real property at the end of the statutory period for redemption. On October 4, 1972 appellees Webb then demanded possession and had issued a writ of possession. On October 12, 1972 appellants filed an action (the third one in this series) seeking to vacate the judgment in the second action on the basis that it was void for lack of jurisdiction and that appellants were deprived of due process because their real property was sold prior to their personal property. The trial court entered judgment for appellees and appellants appealed.

■ Appellants urge that the judgment in the second action was void on its face because the court did not have jurisdiction. This constitutes a collateral attack on a judgment and can be maintained only if the former judgment was void upon its face.

"The law of Arizona is, and for long has been, that a judgment may not be attacked collaterally even for fraud unless it is void upon its face. * * * '* * * Three things must concur or a judgment is void upon its face, and may be attacked at any time. The court must have (a) jurisdiction of the subject-matter of the case, (b) jurisdiction of the persons involved in the litigation, and (c) jurisdiction to render the particular judgment given. If these three matters concur, even though the judgment be erroneous or wrong, so that it could be reversed on appeal or set aside on direct attack, it is not void as against collateral attack.' " *School Dist. #1 of Navajo County v. Snowflake U.H.S. Dist.*, 100 Ariz. 389, 391–92, 414 P.2d 985, 987 (1966).

■ The real property was located in Maricopa County and the Walkers were properly served with process so the court had both jurisdiction of the subject matter of the case and jurisdiction of the persons involved in the litigation. Therefore, if the trial court had jurisdiction to render the particular judgment given, the "judgment [is] valid on its face" and is "not subject to collateral attack." It is "binding until reversed on appeal." *School Dist. #1 of Navajo County v. Snowflake U.H.S. Dist.*, supra, 100 Ariz. at 391, 414 P.2d at 987. We hold that although it is true that the more common method of foreclosing a judgment lien is by levy and sale pursuant to A.R.S. §§ 12–1551 and 12–1553, it does not follow that levy and sale is the exclusive remedy allowable to foreclose a judgment lien.

■ The second action by the judgment creditors, Davies, was instituted only after a general execution was returned unsatisfied, as was the attempt to levy on the color T.V. In addition, appellant Walker was brought in on a debtor's Supplemental Examination, all to no avail.

To obtain satisfaction of the judgment debt in the instant case the judgment-creditor instituted an action to foreclose the judgment lien. A.R.S. § 12–1635B provides:

"The execution creditors may also proceed against defendant therein and other parties, by original complaint, to obtain satisfaction of their executions after they have been returned unsatisfied in whole or in part."

"[A]n execution is the mere means for collecting the judgment or enforcing the judgment lien." *Ingraham v. Forman*, 49 Ariz. 29, 63 P.2d 998 (1937). Since the judgment creditors satisfied the necessary prerequisites prior to commencing the second action in an effort to satisfy their judgment debt a separate action could be brought under A.R.S. § 12–1635B, and, therefore, the trial court had the necessary power to render the particular judgment given.

In addition, we note that there is authority for "the principle that in a proper case

**236**

a judgment lien may be enforced through an equitable decree for foreclosure." *Corporation of America v. Marks,* 10 Cal.2d 218, 73 P.2d 1215 (1937). *See Sparks v. Rowley Mines,* 61 Ariz. 370, 149 P.2d 673 (1944) ; *Sullivan v. Wellborn,* 32 Cal.2d 214, 195 P.2d 787 (1948) ; *Free v. Farnsworth,* 112 Utah 410, 188 P.2d 731 (1948). In the instant case after Davies recorded his judgment a mortgage lien and a second judgment lien were placed on the property in addition to the fact that state and federal tax liens were recorded against the property. Thus the action to foreclose the lien enabled the judgment creditors not only to execute on their judgment, but to quiet title.

█ Appellants further urge that the court was without power or jurisdiction in the second action to fix a specific lien upon any of their real property, and that they thereby lost a substantial right because they were not afforded an opportunity to have the judgment satisfied out of their personal property before the sale of realty pursuant to A.R.S. § 12–1553(1) which states:

"A general execution shall state the amount of the judgment and costs and the amount due thereof, and shall require the officer:

"1. If the execution is against the property of the judgment debtor, to satisfy the judgment, with interest, out of the personal property of the debtor, and if sufficient personal property cannot be found, then out of his real property."

For reasons stated infra we find that A.R.S. § 12–1553(1) is inapplicable to the instant case.

Judgment liens exist by virtue of statute. *McClanahan v. Hawkins,* 90 Ariz. 139, 367 P.2d 196 (1961). For a judgment creditor to secure a lien upon the real property of a judgment debtor he must record an abstract of judgment according to the provisions of A.R.S. § 33–961 and 33–964. The evidence shows that before commencing the second action the appellees held a prior valid judgment lien on the appellants' real property. Appellees could have foreclosed their judgment lien by levy and sale in order to satisfy their judgment without commencing a second action.

The judgment in the second action was a judgment for the foreclosure of a judgment lien. A.R.S. § 33–725(B) inter alia provides:

"Judgments for the foreclosure of mortgages *and other liens* shall provide that the plaintiff recover his debt, damages, and costs, with a foreclosure of the plaintiff's lien, on the property subject to the lien, and, * * * that a special execution issue to the sheriff * * * directing him to seize and sell the property as under execution, in satisfaction of the judgment." (Emphasis supplied.)

Since the judgment in the second action resulted in a foreclosure of a judgment lien a special execution was the proper form to issue therefrom, and A.R.S. § 12–1554(1) governs:

"A special execution shall set forth in substance the portions of the judgment which command the sale or delivery of specific property and the amount of costs or damages, if any, and shall require the officer:

"1. If the judgment directs the sale of specific real or personal property, to make sale of such property as directed in the judgment."

The real property of the appellants levied upon and sold was executed by proper statutory safeguards. When appellants were personally served with process in the second action they received both proper notice and a chance for a meaningful hearing. After consulting an attorney, appellants did not file an answer and entered no objection to a default judgment being entered against them. Further, the record shows that appellants failed to exercise their right to appeal. We find no denial of due process.

Judgment affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.