NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHANE STEVENS-EL,
*Plaintiff/Appellant*,

v.

ARIZONA DEPARTMENT OF ECONOMIC SECURITY,
*Defendant/Appellee*.

No. 1 CA-CV 21-0307
FILED 3-1-2022

Appeal from the Superior Court in Maricopa County
No. LC2020-000241-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Shane Stevens-El, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1        Shane Stevens-El ("Father") appeals the denial of his objection to the withholding of unemployment benefits pursuant to a child support order.  For the following reasons we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Father is the biological parent of a child born in 2010.  In 2012, the Arizona Department of Economic Security ("ADES") petitioned to establish child support.[1]  The superior court held a hearing and Father appeared.  At the hearing, the court and parties discussed jurisdiction and Father agreed to cooperate with the State.  The child's mother, however, was not present and the court granted ADES's request to dismiss the petition without prejudice.  Four months later, ADES filed a new petition in the same cause number.  In 2013, the superior court held another hearing, but father did not appear.  The superior court noted Father "received notice of this hearing by personal service" and issued a child support order.  Two years later, ADES moved to modify the order due to Father's unemployment.  At a July 2015 hearing on the petition to modify, Father appeared by phone and consented to the reduced child-support obligation.

¶3        In June 2020, ADES notified Father that a portion of his unemployment benefits would be withheld to satisfy his child-support obligation.  Father disputed that he owed child support and requested that ADES "cease and desist all collection activity."  Father also argued that the 2013 child support order was void.  Treating Father's response as a request for an administrative review under A.R.S. § 25-522, ADES affirmed the

---

[1]        We take judicial notice of documents filed in Father's family court case, FC2012-051832, and relied upon by the superior court. *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) (holding appellate court can take judicial notice of trial court records).

withholding order. Father appealed the ADES decision to superior court pursuant to A.R.S. §§ 12-904 and 25-522(F).

¶4 The superior court affirmed ADES's decision, concluding that (1) Father failed to show that the 2013 child support order was void for lack of personal jurisdiction, (2) the court commissioner had authority to issue the order, and (3) Father's remaining claims were frivolous.

¶5 Father timely appealed and we have jurisdiction under A.R.S. §§ 12-120.21, -913.

## DISCUSSION

### I. Collateral Attack on the Child Support Order.

¶6 To challenge the 2020 ADES withholding order, Father collaterally attacks the 2013 child support judgment. Father argues that the withholding order is invalid because the 2013 child support order is void for lack of personal jurisdiction.

¶7 A collateral attack on a judgment "is an effort to obtain another and independent judgment which will destroy the effect of the former judgment." *Cox v. Mackenzie*, 70 Ariz. 308, 312 (1950); *see also Schuster v. Schuster*, 51 Ariz. 1, 4 (1937) (noting a collateral attack is one where the action seeks "an independent relief or result" (citation omitted)). Unless a judgment is void for lack of jurisdiction, the judgment cannot be collaterally attacked even if it is "erroneous or wrong, so that it could be reversed on appeal or set aside on direct attack." *Walker v. Davies*, 113 Ariz. 233, 235 (1976) (citation omitted). Further, "[t]he general rule . . . is that a judgment may not be collaterally attacked unless the absence of jurisdiction appears from the record." *Ariz. Pub. Serv. Co. v. S. Union Gas Co.*, 76 Ariz. 373, 377 (1954); *see also Walker*, 113 Ariz. at 235 (holding that "if the trial court had jurisdiction to render the particular judgment given, the judgment is valid on its face and is not subject to collateral attack" (cleaned up)). Accordingly, our review is limited to determining if the child support orders are void for lack of jurisdiction.

¶8 Father's jurisdiction argument is premised on an alleged lack of service of ADES's second petition to establish child support. Amended complaints or petitions must be served upon each party in a proceeding. *Kline v. Kline*, 221 Ariz. 564, 569, ¶ 17 (App. 2009). But "[t]he rules governing service differ significantly depending on whether a party to be served has made an 'appearance.'" *Id.* at ¶ 18; *compare* Ariz. R. Fam. Law P. 41 (service of petition), *with* Ariz. R. Fam. Law P. 43 (service of other documents).

**¶9** Father appeared in the case at the 2012 child support hearing. *See Montano v. Scottsdale Baptist Hosp., Inc.*, 119 Ariz. 448, 452 (1978) ("It is a rule of ancient and universal application that a general appearance by a party who has not been properly served has exactly the same effect as a proper, timely and valid service of process."). Because Father appeared, and the record does not reflect that Father contested jurisdiction at that time, the court acquired personal jurisdiction over Father. *See State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 29, ¶ 8 (2003) ("[A]ny action on the part of a party except to object to personal jurisdiction that recognizes the case as in court will constitute a general appearance.").

**¶10** But we do not need to decide whether the court continued to have personal jurisdiction over Father by virtue of his appearance in 2012.[2] *Supra* ¶ 9. Father appeared in the case again in 2015 and, although he filed a document entitled "Declaratory Void Judgment" prior to the hearing,[3] during the hearing he consented to a reduction in his support obligation and, therefore, waived any objection to personal jurisdiction. *See Tarr v. Superior Court*, 142 Ariz. 349, 351 (1984) (noting participation in a pending case, other than to contest personal jurisdiction, subjects parties to the court's jurisdiction); *see also Jones v. Cochise County*, 218 Ariz. 372, 379, ¶ 23 (App. 2008) (noting cases finding waiver by conduct where party asserted lack of personal jurisdiction in answer but did not move to dismiss and participated in subsequent litigation on the merits). On this record, Father has waived any claim the superior court lacked jurisdiction to issue the 2013 child support order. *See Burton*, 205 Ariz. at 29, ¶ 8; *see also Jones*, 218 Ariz. at 379, ¶ 23 (noting that even properly raised defenses can be waived by subsequent conduct); *Montano*, 119 Ariz. at 452 (rejecting jurisdictional claim based on insufficient process when raised after an initial appearance and answer).

---

[2] Father incorrectly argues that the 2012 dismissal was a final judgment. *See Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 600, ¶ 7 (App. 2016) (holding "an order dismissing without prejudice is not a final judgment"); *see also Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 464 (1967) ("A dismissal without prejudice does not go to the merits of the plaintiff's cause and does not bar plaintiff from later filing on the same cause of action.").

[3] The document noted that it was an "Affidavit And Notice Of Dismissal" but was "Not To Be Construed As A 'Motion.'" Accordingly, Father did not move to dismiss the case or set aside the 2013 order before appearing at the 2015 hearing.

¶11        Father also claims that the 2013 order is void because the court commissioner lacked authority to enter the order.  But a court commissioner is authorized to preside over child-support cases and enter child-support orders.   A.R.S. § 12-298.   When a court commissioner acts within the authority granted by statute, their orders have the same force and effect as those entered by superior court judges.  Ariz. R. Sup. Ct. 96(a)(6); *see also Green v. Thompson*, 17 Ariz. App. 587, 590 (1972) ("The commissioner's jurisdiction is narrower than that of a regular superior court judge, but within the confines of that authority, he acts as a superior court judge."). Because the commissioner's order establishing child support is within his authority, the order has the same effect as if entered by a superior court judge.

## II.     Father's Remaining Arguments.

¶12        Father also argues that he did not contract to provide child support and thus has no "legal duty" to do so.  But in Arizona, "every person has the duty to provide all reasonable support for that person's natural and adopted minor, unemancipated children."  A.R.S. § 25-501(A).  This duty "is not founded upon contract, expressed or implied, but on the natural and legal duty of a father to support his minor children." *Indus. Comm'n v. Oden*, 68 Ariz. 234, 238 (1949); *see also Smith v. Saxon*, 186 Ariz. 70, 73 (App. 1996) ("A parent may not form a valid and enforceable contract which releases the parent from all obligation to support his or her minor children."). Accordingly, we reject Father's argument.

¶13        Finally, Father argues that there is no federal "right" to child support.  As he correctly notes, there generally is no individual federal right to compel ADES to collect child support.  *Blessings v. Freestone*, 520 U.S. 329, 343-44 (1997); *see also Wehunt v. Ledbetter*, 875 F.2d 1558, 1565 (11th Cir. 1989) ("Title IV–D does not create any enforceable right.").  But this case arises under state law, *see* A.R.S. § 25-505 (permitting ADES to issue income withholding orders), and Father's reliance on federal cases is misplaced.

### CONCLUSION

¶14        We affirm.

