**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD RAY PALMER,

         Plaintiff-Appellant,

  v.

STATE OF ARIZONA; CHARLES L. RYAN; DOUG DUCEY, Governor; DAVID SHINN, Director of ADOC,

         Defendants-Appellees.

No. 21-15020

D.C. No. 2:19-cv-05031-MTL-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Arizona state prisoner Donald Ray Palmer appeals pro se from the district court's order denying Palmer's post-judgment motion for reconsideration in Palmer's 42 U.S.C. § 1983 action regarding his parole eligibility. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We vacate and remand.

The district court dismissed Palmer's initial complaint without leave to amend as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and later denied Palmer's motion for reconsideration for the same reason. In his initial complaint, Palmer sought monetary damages and resentencing. However, in his motion for reconsideration, Palmer argued he would be wrongfully denied parole eligibility despite having been given a sentence of imprisonment that included the possibility of parole after 25 years. *See Chaparro v. Shinn*, 459 P.3d 50, 51 (Ariz. 2020) (discussing Arizona's elimination of parole for offenses committed on or after January 1, 1994 and holding that a sentence entered after the elimination of parole that imposes "life without the possibility of parole for 25 years" entitles the prisoner to parole after serving 25 years imprisonment); *see also Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005) (allowing claims challenging parole procedures to proceed under § 1983 because the injunctive and declaratory relief that plaintiffs sought would not necessarily result in speedier release). Because *Heck* does not bar Palmer's claims challenging his parole eligibility, it is not "absolutely clear" that any deficiencies could not be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no

21-15020

amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Accordingly, we vacate the judgment and remand for the district court to provide Palmer with an opportunity to amend.

Palmer's motion to appoint counsel (Docket Entry No. 5) is denied.

**VACATED and REMANDED.**