NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTIAN DALE LOWERY, *Petitioner*.

No. 1 CA-CR 21-0307 PRPC
FILED 1-31-2023

Petition for Review from the Superior Court in Yavapai County
No. V1300CR9950373
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Glen M. Asay
*Counsel for Respondent*

Arizona Justice Project, Phoenix
By Lindsay Herf, Randal McDonald
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Presiding Judge D. Steven Williams, Judge David B. Gass, and Judge James B. Morse Jr. delivered the decision of the court.

---

**PER CURIUM**:

¶1      Christian Dale Lowery petitions this court for review from the dismissal of his proceeding for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**FACTUAL AND PROCEDURAL HISTORY**

¶2      The State charged Lowery with first degree murder based on evidence he stabbed the victim in a bar restroom. Lowery's first attorney expressed an intent to argue self-defense. The attorney represented Lowery during plea negotiations, which ended with Lowery hiring new counsel and rejecting a plea to second degree murder that would have probably led to a 10-year sentence. Lowery's new attorney defended the case at trial on the theory that another person committed the crime.

¶3      A jury rejected Lowery's defense and found him guilty of first degree murder. The trial court sentenced him to life imprisonment "without possibility of release before he has served 25 calendar years." This court affirmed the conviction and sentence on direct appeal. *State v. Lowery*, 1 CA-CR 97-0348 (Ariz. App. Apr. 16, 1998) (mem. decision). Because Lowery committed the murder in 1995, he was not eligible for parole. *See* A.R.S. § 41-1604.09(I); *Chaparro v. Shinn*, 248 Ariz. 138, 140, ¶ 3 (2020).

¶4      Lowery filed a notice requesting post-conviction relief—his fourth—in 2020. He purported to raise claims of ineffective assistance of counsel (Rule 32.1(a)), newly discovered material facts (Rule 32.1(e)), and a significant change in the law (Rule 32.1(g)). In support of his claims, Lowery asserted he had only recently learned of his parole ineligibility and would have accepted the State's plea offer had he been correctly informed of his post-trial sentencing exposure. He also contended that *State v. Carson*, 243 Ariz. 463 (2018), established a significant change in the law that would entitle him to a new trial if applied to his case. The trial court summarily dismissed Lowery's ineffective assistance and newly discovered evidence

claims, but it allowed him to proceed with further briefing on his claim that *Carson* was a significant change in the law.[1]

¶5         When Lowery was tried, courts "consistently prohibited a defendant from simultaneously claiming self-defense and asserting a misidentification defense." *Carson*, 243 Ariz. at 464, ¶ 1; *see, e.g.*, *State v. Plew*, 150 Ariz. 75, 78 (1986) ("A defendant who denies shooting the victim may not thereafter claim self-defense."). In *Carson*, our supreme court "disavow[ed] that approach," holding "that if some evidence supports a finding of self-defense, the prosecution must prove its absence, and the trial court must give a requested self-defense jury instruction, even when the defendant asserts a misidentification defense." *Carson*, 243 Ariz. at 464, ¶ 1. The court reasoned that "[c]ontinuing to adhere to the *Plew* line of cases would contradict the legislature's intent" by "chang[ing] the state's burden" to prove the absence of justification if there was "the slightest evidence" the defendant acted in self-defense—regardless of whether the defendant also claimed misidentification. *Id.* at 466, ¶ 11; *see also* A.R.S. § 13-205(A).[2]

¶6         Lowery argued that *Carson* entitled him to relief under Rule 32.1(g) because it overruled precedent that had forced him to choose between asserting misidentification or self-defense, despite there being evidence to support both theories. He contended that *Carson* was a new substantive rule requiring retroactive application and that such application to his case would likely overturn the judgment and sentence. The State disputed Lowery's claim, mainly arguing that *Carson* was not applicable to Lowery's case because unlike the defendant in *Carson*, Lowery did not ask

---

[1] Lowery's notice proposed additional bases for relief that are no longer at issue.

[2] *Carson*'s reasoning was premised on the legislature's 2006 amendment to § 13-205(A). *Carson*, 243 Ariz. at 464 ¶ 11. The prior version of § 13-205(A) required the defendant to prove justification by a preponderance of the evidence. *See* 1997 Ariz. Sess. Laws, ch. 136, § 4 (1st Reg. Sess.) (H.B. 2408) (enacting A.R.S. § 13-205). The law in effect when Lowery killed the victim in 1995 was consistent with the 2006 amendment. *See State v. Farley*, 199 Ariz. 542, 543–44, ¶ 7 (App. 2001) (explaining that before the legislature enacted § 13-205(A), the parties' burdens on self-defense were governed by Arizona common law, which required the State to prove the defendant's conduct was not justified if the defendant presented "any evidence" of justification).

for, or present sufficient evidence to justify, a self-defense instruction at trial.

¶7 The trial court denied relief based on its determination that Lowery did not present sufficient evidence to warrant a self-defense instruction and that he failed to show *Carson* "would probably overturn" his conviction or sentence even if applied to his case.

¶8 Lowery petitioned for review.

**DISCUSSION**

¶9 Lowery challenges the trial court's dismissal of his claims that defense counsel provided ineffective assistance and that *Carson* represents a significant change in the law entitling him to relief. We review the court's denial of relief for an abuse of discretion and will not upset its decision "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

*I.     Ineffective Assistance of Counsel; Newly Discovered Evidence*

¶10 Lowery contends his first attorney provided constitutionally deficient assistance by erroneously informing him he could not receive a sentence longer than 25 years if he went to trial—which allegedly led him to reject a plea offer to a 10-year sentence. Lowery also points out that his second attorney and the trial court both referred to "parole" during the sentencing hearing, and he suggests those statements led him to believe he would be eligible for parole after serving 25 years. He maintains he did not realize he was ineligible for parole until he read the briefing in *Chaparro v. Shinn*.[3]

¶11 Lowery argues his ineffective assistance claim is not precluded or untimely because it involves a right of sufficient constitutional magnitude to require personal waiver, *see* Ariz. R. Crim. P. 32.2(a)(3), and because his attorney's erroneous advice prevented him from understanding the nature of his sentence, *see* Ariz. R. Crim. P. 32.4(b)(3)(D). In the alternative, Lowery argues that his recently acquired understanding of his sentence constitutes "newly discovered evidence" that "probably would have changed" his sentence had that understanding been known to

---

[3] *Chaparro* addressed whether a defendant who was convicted of a felony that was not parole-eligible, but who was expressly sentenced to a parole-eligible term, was entitled to the benefit of the illegally lenient sentence. *Chaparro*, 248 Ariz. at 139, ¶ 1.

him during the prosecution of his case. Under either articulation of the claim, Lowery argues he should receive the benefit of the plea offer.

¶12            The trial court did not abuse its discretion by summarily dismissing Lowery's ineffective assistance and newly discovered evidence claims. Lowery has filed two previous petitions for post-conviction relief asserting claims that his trial counsel was ineffective—including a claim pertaining to the plea offer. Lowery's current ineffective assistance claim is therefore precluded. *See* Ariz. R. Crim. P. 32.2(a)(3); *Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 12 (2002) (ruling that once petitioner raises a claim that trial counsel provided ineffective assistance, "preclusion is required" as to a successive claim of trial counsel's ineffective assistance without considering whether the successive claim is of sufficient constitutional magnitude to require personal waiver). Furthermore, even assuming preclusion would not apply, Lowery has not established that he was unable to raise the issue of his sentencing exposure earlier. *See* Ariz. R. Crim. P. 32.4(b)(3)(D) (excusing untimely notice of a Rule 32.1(a) claim "if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault"). In 2010, Lowery filed a motion that showed he was aware parole had been abolished before he committed his crime and that some prison records described his "sentence expiration date" as "life."

¶13            Lowery's claim of newly discovered material facts is also unavailing because the discovery of a legal interpretation is not a newly discovered "fact" for purposes of Rule 32.1(e). *See State v. Hankins*, 141 Ariz. 217, 221 (1984) (same standard applies to a Rule 32.1(e) claim and a post-trial motion to vacate the judgment or obtain a new trial based on newly discovered evidence); *United States v. Shelton*, 459 F.2d 1005, 1007 (9th Cir. 1972) (holding that the discovery of a change to a legal standard is not "newly discovered evidence" supporting a motion for a new trial); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence.").

II.      *Significant Change in the Law*

¶14            To obtain relief under Rule 32.1(g), a defendant must show "there has been a significant change in the law that, if applicable to the defendant's case, would probably overturn the defendant's judgment or sentence." The defendant's showing has three components: (1) there has been a change in the law that constitutes a "clear break from the past," such as "when an appellate court overrules previously binding case law," *State v. Bigger*, 251 Ariz. 402, 411, ¶ 28 (2021) (citations and internal quotation

marks omitted); (2) the change applies retroactively to the defendant's case, *State v. Towery*, 204 Ariz. 386, 389, ¶ 5 (2003); and (3) application of the new law "would probably overturn the defendant's judgment or sentence," Ariz. R. Crim. P. 32.1(g).

**¶15** We conclude that even if *Carson* were to be retroactively applied, the trial court permissibly determined that Lowery failed to show *Carson* would "probably overturn" his conviction or sentence. *See* Ariz. R. Crim. P. 32.1(g). Lowery's trial included eyewitness testimony that a man—whom jurors could find to be Lowery—threatened to kill the victim and then lunged at the victim with a knife. Lowery's self-defense evidence included the following: (1) he told the police, on separate occasions, that "if he didn't do what he did he would be dead by now" and "you would have done the same thing, it was self-defense"; (2) there was eyewitness testimony the victim smacked Lowery's face and was otherwise hostile to him; and (3) there was eyewitness testimony the victim motioned for Lowery to follow him to the bathroom and took off his shirt as they walked. Even if such evidence would suffice to meet the "slightest evidence" standard for justifying a self-defense instruction, the likelihood that the jury would have found Lowery's conduct justified is speculative.

## CONCLUSION

**¶16** We grant review but deny relief.

