NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LASHON ELMERSON PATTERSON, *Petitioner.*

No. 1 CA-CR 24-0392 PRPC

FILED 05-06-2025

Petition for Review from the Superior Court in Maricopa County
No. CR 2000-003831
The Honorable Michael S. Mandell, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Philip C. Grove
*Counsel for Respondent*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge David D. Weinzweig joined.

---

**K I L E Y**, Judge:

¶1          Petitioner Lashon Patterson challenges the superior court's ruling denying in part his petition for post-conviction relief ("PCR"). We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2          One afternoon in December 1998, Byron Reece and Dimetric Carter were standing on a Phoenix street working on Carter's car when a black Chevrolet Monte Carlo with two occupants pulled up. The passenger pointed a gun at them and fired several times, striking both men. The Monte Carlo then drove away.

¶3          Carter, who survived his gunshot wounds, later identified Patterson as the driver of the Monte Carlo. Before dying from his injury, Reece told a paramedic, "Big Daddy got me." As Patterson later admitted, Big Daddy was Patterson's nickname.

¶4          The State charged Patterson and Jimmy Lee Hamilton with first-degree murder, drive-by shooting, and attempted first-degree murder.

¶5          At a settlement conference in January 2001, the State extended a plea offer that would have required Patterson to plead guilty to second-degree murder and serve a prison sentence of between 14 and 21 years. Patterson rejected the plea offer.

¶6          At trial, the State presented evidence of the events described above. *See* ¶¶ 2-3. Patterson testified in his own defense. He admitted that he was a member of the Broadway Gangsters street gang while Reece was a member of the Park South Crips. He also admitted that he and Reece had two "unpleasant" prior confrontations. He denied, however, any involvement in the shooting, insisting that he was not in the Monte Carlo or at the scene when the two men were shot.

¶7            The jury convicted Patterson of the charged offenses. The superior court sentenced him to twenty-five years to life for first-degree murder, a concurrent term of 10.5 years' imprisonment for drive-by shooting, and a consecutive term of 10.5 years' imprisonment for attempted first-degree murder. Although the sentencing minute entry reflects that his first-degree murder sentence was "25 years to life without the possibility of parole," the court's oral pronouncement provided that the sentence was "25 years to life, without possibility of parole *until after 25 years* [emphasis added]."

¶8            Patterson appealed his convictions and sentences. While Patterson's appeal was pending, the Arizona Supreme Court issued a decision holding that a defendant cannot be convicted of premeditated murder on an accomplice liability theory absent evidence that he intended to facilitate or aid in the commission of the murder. *See State v. Phillips*, 202 Ariz. 427, 436-37, ¶ 41 (2002), *superseded by statute on other grounds as stated in State v. Johnson*, 247 Ariz. 166, 207, ¶ 173 (2019).

¶9            This Court affirmed Patterson's convictions and sentences on direct appeal. *State v. Patterson*, 203 Ariz. 513 (App. 2002) (mem. decision); *State v. Patterson*, 1 CA-CR 01-0392 (Ariz. App. Nov. 7, 2002) (mem. decision). The Arizona Supreme Court granted review and remanded the case to the Court of Appeals for reconsideration in light of its recently-issued opinion in *State v. Thompson*, 204 Ariz. 471 (2003). *See State v. Patterson*, CR-03-0007-PR, 2003 WL 21242145, at *1 (Ariz. May 28, 2003) (mem. decision). Upon reconsideration, this Court again affirmed his convictions and sentences. *State v. Patterson*, 1-CA-CR 01-0392 (Ariz. App. April 01, 2004) (mem. decision).

¶10            Patterson has since filed several PCR petitions. As relevant here, he filed a PCR petition in 2005 asserting, among other things, that he was improperly convicted of first-degree murder because the State charged him as an accomplice to the gunman, Hamilton. Citing *Phillips* for the proposition that A.R.S. § 13-303(A)(3) imposes liability on accomplices "only for the offenses the accomplice intended to aid or aided another in planning or committing," Patterson asserted that "there was no proof" that he "plann[ed] to harm Reece." "[I]t was the passenger who actually fired the shots," he stated, and "there is no proof or evidence to prove [Patterson's] involvement prior to the shots." Accordingly, he argued, he "should not be held as an accomplice" under A.R.S. § 13-303(A)(3).

¶11            The superior court dismissed Patterson's 2005 PCR petition, holding, *inter alia*, that his claim that "the evidence was insufficient to

convict him of first-degree murder" under *Phillips* was precluded because it "[was] or should have been raised in the direct appeal." Patterson filed a petition to review challenging the dismissal of his 2005 PCR petition; this Court denied his petition for review.

¶12        In 2018, Patterson filed a notice of PCR, reiterating that, under *Phillips*, "'accomplice liability' can not (*sic*) be used as a basis" to find him guilty of "'premeditated murder.'" Although Patterson had cited *Phillips* in his 2005 PCR petition, Patterson claimed, in his 2018 PCR notice, that he was previously unaware of *Phillips*. Characterizing *Phillips* as "newly discovered," Patterson explained that the prison's failure to maintain "a 'real' law library . . . hindered [him] from raising the *State v. Phillips* issue in the previous P.C.R. Petition [*sic*]." He further argued that *Phillips* constituted a "significant change in the law" entitling him to relief under Arizona Rule of Criminal Procedure ("Rule") 32.1(g). Finally, Patterson claimed that his prior counsel's failure to seek relief based on *Phillips* amounted to the denial of "effective assistance of counsel."

¶13        The superior court summarily dismissed Patterson's 2018 PCR notice, holding that Patterson "fail[ed] to supply an adequate factual or legal basis to excuse [his] untimely filing" of a claim based on *Phillips*, a case decided in 2002. In any event, the court held, Patterson's claim to have "recent[ly] discover[ed]" *Phillips*, even if true, would not "qualify him for Rule 32.1(e) relief based upon newly discovered facts" because Patterson "fail[ed] to adequately explain" how *Phillips* "would have changed the outcome" of his case. Moreover, the court determined, "*Phillips* does not represent [a] change in the law" under Rule 32.1(g) because "*Phillips* was decided" while Patterson's direct appeal was still pending. Finally, the court found that Patterson's ineffective assistance of counsel ("IAC") claim was "precluded" because Patterson could have raised it "in previous Rule 32 proceedings[.]"

¶14        Patterson filed a motion for rehearing, which the superior court summarily denied. Patterson did not file a petition seeking review of this ruling.

¶15        In 2019, Patterson filed another PCR notice, this time asserting that the Arizona Department of Corrections, Rehabilitation and Reentry ("ADOR") has given him "no parole date" because it does not recognize his sentence for first-degree murder as parole-eligible. Had he known parole was not available, he asserted, he would have accepted the State's plea offer at the settlement conference.

4

**¶16** Finding that Patterson raised a potentially meritorious claim, the superior court appointed PCR counsel and ordered further briefing.

**¶17** In 2022, Patterson's appointed counsel filed a PCR petition alleging three claims. First, the 2022 PCR petition asserted that, even though parole was "abolished in Arizona in 1994," *see* A.R.S. § 41-1604.09(I) (eliminating parole for felony offenses committed after January 1, 1994), Patterson was nonetheless parole-eligible because the superior court's oral pronouncement of sentence reflects that it "intended that Patterson be eligible for parole after 25 years' imprisonment."[1] In support of his position, Patterson relied on *Chaparro v. Shinn*, 248 Ariz. 138 (2020), in which the Arizona Supreme Court held that because "a court lacks jurisdiction to correct an illegally lenient sentence absent timely correction or appeal," "a sentence imposing 'life without possibility of parole for 25 years' means the convicted defendant is eligible for parole after serving 25 years' imprisonment" notwithstanding the abolition of parole in Arizona. *Id.* at 139-40, ¶ 2 (citation omitted).

**¶18** The 2022 PCR petition also asserted an IAC claim, alleging that he rejected the State's plea offer in reliance on his trial counsel incorrectly advising him that he would be eligible for parole if convicted at trial.

**¶19** Finally, the 2022 PCR petition re-urged Patterson's *Phillips* claim, alleging that Patterson's convictions for first-degree murder and attempted first-degree murder are invalid because the State failed to prove beyond a reasonable doubt that he aided or intended to aid in the commission of those crimes.

**¶20** After briefing and argument, the superior court issued an extensive ruling in December 2023 granting in part and denying in part Patterson's 2022 PCR petition. First, the court ruled that, pursuant to *Chaparro*, Patterson "shall be made eligible for parole after serving 25 years of his sentence for the first-degree murder conviction," at which point he

---

[1] Patterson acknowledged that the sentencing minute entry made no reference to parole, but argued, correctly, that the oral pronouncement of sentence should be given effect over any inconsistent provision of the minute entry. *See*, *e.g.*, *State v. Tyau*, 250 Ariz. 659, 663, ¶ 11 (App. 2021) ("A trial court's oral pronouncement at sentencing controls over the corresponding minute entry when a discrepancy exists and the court's intention is clear from the record." (cleaned up)).

would begin to serve the consecutive 10.5-year sentence for attempted first-degree murder conviction."

¶21 Second, the court rejected Patterson's IAC claim, holding that he could not make the requisite showing of prejudice. The court explained that although Patterson's trial counsel gave him "incorrect" advice at the settlement conference about his eligibility for parole if he were convicted at trial, any prejudice from that incorrect advice was cured by the court's *Chaparro* ruling, which granted Patterson the parole-eligible sentence that his trial counsel told him he would receive if convicted at trial. "In essence," the court stated, "[Patterson's] sentence is now what he believed his risk to be on the first-degree murder [charge]."

¶22 Finally, the court rejected Patterson's claim that *Phillips* requires vacatur of his first-degree murder and attempted first-degree murder convictions, holding that the State presented sufficient facts from which the jury could find that Patterson and his co-defendant "acted with premeditation in planning and aiding in the actions of his co-defendant against both victims."

¶23 Patterson filed a petition for review. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. § 13-4239(C), and Rule 32.16(a)(1).

## DISCUSSION

¶24 Petitioner challenges the superior court's rejection of his IAC and *Phillips* claims. Absent an abuse of discretion or error of law, this Court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012) (citation omitted). It is petitioner's burden to show that the superior court abused its discretion by denying the petition for post-conviction relief. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). We have reviewed the record in this matter, the superior court's order denying the PCR petition, and the petition for review. We find that Patterson has not established an abuse of discretion.

¶25 Patterson asserts that his trial court "rendered deficient performance" by "misinforming him that he would be eligible for parole after 25 years imprisonment." But as the State correctly argues in response, an IAC claim cannot succeed absent a showing of prejudice. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Patterson's IAC claim is based on his contention that his trial counsel inaccurately advised him at the settlement conference that the charged offenses were parole-eligible. Because, as a result of the court's *Chaparro* ruling, he is now eligible

for parole after serving 25 years of his life sentence, he received the sentence that his lawyer led him to expect. As a result, Patterson has suffered no prejudice from the inaccurate advice. Accordingly, the court did not abuse its discretion in determining that Patterson's IAC claim fails as a matter of law. *See id.*

**¶26** Patterson argues that the court's *Chaparro* ruling did not cure the prejudice from his counsel's deficient advice at the settlement conference. Even with the court's grant of *Chaparro* relief, Patterson argues, he must serve a minimum of 25 years for first-degree murder, followed by "an additional 10.5 years on his attempted murder conviction." Under the State's plea offer, by contrast, "the most he could have received was 21 years in prison." "Had [he] been properly advised by counsel," Patterson concludes, he "would have signed the plea agreement," served 21 years, and "would have been released from prison" by now.

**¶27** Patterson's argument makes clear that he rues his decision to reject the State's plea offer, and blames his trial counsel for not talking him into accepting it. But the decision to plead guilty is the defendant's alone. *See State v. Emedi*, 251 Ariz. 78, 83, ¶ 18 (App. 2021) (citations omitted). Defense counsel has no obligation to browbeat his or her client into accepting a favorable plea offer. Instead, counsel's duty is simply to provide the defendant with advice and information "necessary to allow the [defendant] to make an informed decision whether to accept [a] plea [offer]." *State v. Donald*, 198 Ariz. 406, 413, ¶ 16 (App. 2000) (citations omitted). Patterson does not identify any incorrect advice or information that his trial counsel purportedly gave him about the potential consequences of being convicted at trial other than counsel's incorrect statement about parole eligibility. Patterson does not claim, for example, that he was unaware of the possibility if he were convicted at trial, the court might impose consecutive sentences. In the absence of any evidence, or even allegation, of incorrect advice about his potential exposure other than the incorrect advice about parole eligibility, Patterson's IAC claim fails. *See id.* at ¶ 17 (holding that to avoid summary dismissal of an IAC claim, "a defendant must present more than a conclusory assertion that counsel failed to adequately communicate the plea offer or the consequences of conviction. A petitioner need not provide detailed evidence, but must provide specific factual allegations that, if true, would entitle him to relief." (citation omitted)).

**¶28** Patterson argues that *Phillips* requires that his first-degree murder and attempted first-degree murder convictions be set aside because, he maintains, he was convicted as an accomplice with no evidence

that he "intended to promote or facilitate" his co-defendant's killing of one person or attempt to kill another.[2] In response, the State cites evidence in the record from which a jury "could have inferred that Patterson intentionally aided or assisted Hamilton in killing [Reece] and attempting to kill [Carter]." In any event, the State contends, Patterson raised the same *Phillips* claim in the PCR petition he filed "almost 20 years ago," and therefore the claim is precluded under Rule 32.2(a)(2).

**¶29**         Rule 32 does not permit a defendant to repeatedly re-raise the same claims. *See*, *e.g.*, *State v. Anderson*, 257 Ariz. 226, __, ¶ 21, 547 P.3d 345, 350 (2024) ("Our preclusion rules require a defendant to raise all known claims for relief in a single petition to prevent endless trial-court reviews of the same case." (citation omitted)). On the contrary, Rule 32.2(a) "precludes collateral review" of a defendant's conviction or sentence "on a ground that either was or could have been raised on direct appeal or in a previous PCR proceeding." *State v. Shrum*, 220 Ariz. 115, 118, ¶ 12 (2009) (citation omitted). Rule 32.2(a)'s preclusion provisions "not only serve[] important principles of finality, . . . but also allow[]" relief to be granted promptly, "when the interests of justice . . . can be best served." *Id.* (citation omitted); *see also Stewart v. Smith*, 202 Ariz. 446, 450, ¶ 11 (2002) (holding that the merits need not be considered when PCR petition raises a claim precluded under Rule 32.2; "Rule 32.2 is a rule of preclusion designed . . . to prevent endless or nearly endless reviews of the same case in the same trial court."). Under Rule 32.2(a), a defendant is precluded from relief based on a ground "finally adjudicated on the merits . . . in [a] previous post-conviction proceeding" or "waived . . . on appeal or in [a] previous post-conviction proceeding," unless the claim alleges "a violation of a constitutional right that can only be waived . . . personally by the defendant." Ariz. R. Crim. P. 32.2(a)(2), (3).

**¶30**         Here, Patterson raised his *Phillips* claim in his 2005 PCR petition. The superior court dismissed the 2005 PCR petition, holding that the *Phillips* claim was precluded under Rule 32.2(a)(3) because Patterson

---

[2] Patterson couches his *Phillips* claim as a challenge to the superior court's "subject matter jurisdiction." This is a misuse of the term. Subject matter jurisdiction relates to a court's power to hear and decide a particular type of case. *See State v. Maldonado*, 223 Ariz. 309, 311, ¶ 14 (2010) (citations omitted). Patterson's claim that the superior court ruled incorrectly does not implicate its subject matter jurisdiction. *See State v. Payne*, 223 Ariz. 555, 560, ¶ 10 (App. 2009) ("The test of jurisdiction is whether the tribunal has power to enter upon the inquiry[,] not whether its conclusion in the course of it is right or wrong." (cleaned up)).

failed to raise it on direct appeal. The dismissal of the 2005 PCR petition was affirmed on appeal. Patterson then raised the *Phillips* claim again in his 2018 PCR notice, characterizing *Phillips* as "newly discovered" even though he had raised it over a dozen years earlier. The court again found the *Phillips* claim precluded and dismissed the 2018 PCR notice, and Patterson did not seek review by this Court. Because Patterson's *Phillips* claim was raised and rejected at least twice before he filed his 2022 PCR petition, the claim was precluded under Rule 32.2(a)(2) and (3), and the superior court properly denied relief.

## CONCLUSION

¶31      We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:     JR